IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Mitchell Purdy,<br>    Petitioner,<br>vs.<br>Deputy Warden Baltierra, et. al.,<br>    Respondents. | No. Civ. 03-1657-PCT-PGR (MS)<br><br>**Report and Recommendation** |

**TO THE HONORABLE PAUL G. ROSENBLATT, UNITED STATES DISTRICT JUDGE:**

On August 26, 2003, while on parole,[1] Petitioner filed a pro se amended Petition for Writ of Habeas Corpus. [Doc. 1]. An amended petition was filed on September 23, 2003. [Doc. 4]. Respondents filed an Answer in opposition to the Petition on May 24, 2004. [Doc. 19]. On May 28, 2004, the Court ordered Petitioner to file a Reply. [Doc. 23]. Petitioner filed a Reply on June 29, 2004. [Doc. 24]. The Court now Reports and Recommends as follows:

---

[1] This Court previously determined that Petitioner's status as a parolee satisfied the jurisdictional requirement that he be "in custody." [See Doc. 10 at 1].



## I. Background[2]

On May 22, 1991, Petitioner shot and wounded Arizona Department of Transportation employee Frank Young. [Doc. 20, Exh. A, at 8-10]. On that day, Young was traveling to speak with Petitioner about a gate located on state land near Petitioner's residence. [Id. at 8-9, 21-22]. The gate had been left open on several occasions, raising concern that livestock could wander through the gate and onto a nearby highway. [Id. at 9-10].

While en route to Petitioner's residence, Young encountered Petitioner. [Id.]. Young exited his vehicle and spoke to Petitioner. [Id.]. He informed Petitioner of the problem and stated that, if the gate were not kept closed, the State would put a permanent fence in its place. [Id. at 10]. Petitioner responded that he would be landlocked if a fence were erected. [Id.] He further stated that he would get his gun and "come looking for" Young if a fence were erected. [Id. at 10-11].

At some point during the encounter, Petitioner exited his vehicle, pointed a gun at Young, and directed Young to lie on the ground. [Id. at 12, 20]. Believing that his life was in danger, Young struggled for control of the gun. [Id. at 12, 13, 20]. During the struggle, Petitioner shot Young in the torso. [Id. at 12, 13, 19, 20]. Petitioner then prohibited Young from radioing for help, and directed Young to get into Petitioner's car. [Id. at 13]. Petitioner drove Young to Petitioner's residence, where he put Young in a trailer with a woman named Karen. [Id.]. Petitioner then left to call an ambulance and the authorities. [Id. at 17].

On September 10, 1991, Petitioner was convicted by a jury of attempted second degree murder and kidnapping. [Doc. 20, Exh. B at 48a-b]. He received an

---

[2] The factual background stated herein is drawn from the grand jury transcript, [Doc. 20, Exh. A] which was used by the state court to establish a factual basis for Petitioner's guilty plea. [Doc. 21, Exh. B at 408; see also Doc. 22, Exh. C]. The plea was entered pursuant to North Carolina v. Alford, 400 U.S. 25 (1970).

eight year sentence for attempted second degree murder and a seventeen year sentence for kidnapping, to be served concurrently. [Doc. 20, Exh. B at 79-79e]. On appeal, his convictions were reversed on grounds that the trial court improperly admitted prior bad acts evidence. [Doc. 20, Exh. B at 111; Doc. 22, Exh. C]. On remand, Petitioner pled guilty to kidnapping and attempted second degree murder pursuant to an Alford plea. [Doc. 21, Exh. B at 402a-c, 403]. Judgment and sentence were entered on February 5, 1999. [Id. at 404]. He received an eight year sentence for attempted second degree murder and a 14.5 year sentence for kidnapping, to be served concurrently, with credit for 2816 days served. [Id.]

On October 12, 2000, Petitioner filed an "Application for Writ of Habeas Corpus and Production of Post-Conviction Relief Record," in the Apache County Superior Court. [Doc. 22, Exh. F]. The case was transferred to the Navajo County Superior Court on October 16, 2000, pursuant to Rule 32.3 of the Arizona Rules of Criminal Procedure.[3] [Doc. 22, Exh. G]. The Court found that the pleading did not constitute an application for writ of habeas corpus, but instead sought records for consideration of a petition for post conviction relief. [Doc. 22, Exh. I]. The Court transferred the matter to another Navajo County Superior Court judge, who determined on December 20, 2000, that the application did not conform with the

---

[3] The rule provides:

> This proceeding is part of the original criminal action and not a separate action. It displaces and incorporates all trial court post-trial remedies except post-trial motions and habeas corpus. If a defendant applies for a writ of habeas corpus in a trial court having jurisdiction of his or her person raising any claim attacking the validity of his or her conviction or sentence, that court shall under this rule transfer the cause to the court where the defendant was convicted or sentenced and the latter court shall treat it as a petition for relief under this rule and the procedures of this rule shall govern.

Ariz. R. Crim. P. 32.3.

Arizona Rules of Criminal Procedure governing post-conviction relief. [Doc. 22, Exhs. I, J]. The Court ruled that Petitioner failed to file a proper, timely notice of post-conviction relief. [Id.] The Court further provided Petitioner with a copy of the requisite Notice form, and allowed Petitioner 30 days to file a Notice containing any claims available pursuant to 32.1(d), (e), (f) or (g) of the Arizona Rules of Criminal Procedure. [Doc. 22, Exh. J]. Petitioner did not file the Notice within the 30 day time period. The Court dismissed the matter on January 31, 2001 on grounds that Petitioner failed to file a Notice in conformity with the Court's order of December twentieth. [Doc. 22, Exh. K]. Petitioner filed a motion for rehearing on February 13, 2001, which the state court denied on March 15, 2001. [Doc. 22, Exhs. L, M].

On April 9, 2001, Petitioner filed a Petition for Review in the Navajo Superior Court, which was forwarded to the Arizona Court of Appeals. [Doc. 22, Exh. N]. The Court of Appeals denied the Petition for Review on May 6, 2002. [Doc. 22, Exh. O]. Petitioner filed a Petition for Review in the Arizona Supreme Court on May 20, 2002, which was denied on August 29, 2002. [Exhs. P, Q].

On August 26, 2003, Petitioner filed a federal habeas corpus petition. [Doc. 1].[4] Because the Petition was not filed in proper form, the Court dismissed the Petition without prejudice to the filing of an amended petition on a court-approved form within thirty days of the court's order. [Doc. 3]. Petitioner did so on September 25, 2003. [Doc. 4]. Respondents oppose the Petition on grounds that it is barred by the statute of limitations. [Doc. 19]. Petitioner filed a Reply on June 29, 2004. [Doc. 24].

---

[4] Petitioner filed a prior petition in this Court on August 14, 2001, however, the case was voluntarily dismissed on October 15, 2001. [See No. Civ. 01-1043 at Docs. 1, 11]. The Court observes that Petitioner's prior petition was also untimely.

- 4 -

## II. Discussion

On May 28, 2004, in its order directing a Reply, this Court advised Petitioner regarding the applicable law governing the statute of limitations. [Doc. 23].[5] The Court further analyzed Petitioner's claim and concluded that the one-year statute of limitations to file a federal petition for writ of habeas corpus expired in Petitioner's case on February 7, 2000, over three years prior to the date Petitioner filed the instant Petition.[6] [Id.]. However, the Court explained that, the AEDPA's one-year limitation period is subject to both statutory and equitable tolling. Id. The Court provided Petitioner an opportunity to respond, explaining why his Petition is not barred by the statute of limitations. [Id.]. In his Reply, Petitioner does not challenge that his Petition was filed late, but requests that the Court apply the doctrine equitable tolling. [Doc. 24].

As this Court explained in its previous order, a petitioner is entitled to equitable tolling only if extraordinary circumstances beyond his control made it impossible to file a petition on time. [Doc. 23 at 3-4]. See also Pace v. DiGuglielmo, 544 U.S. ___ (2005), 2005 WL 957194, *6 (U.S. April 27, 2005); Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003)(quoting Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003));

---

[5] Petitioner does not refute the Court's calculation of the statute of limitations, and instead focuses on the issue of equitable tolling. The Court hereby incorporates its statute of limitations analysis from its order of May 27, 2004 by reference, and will not repeat that analysis here.

[6] The Court alternatively explained that, if an additional ninety days were added to the filing period to allow for the time during which Petitioner could have filed a Notice of Post-Conviction Relief, the statute of limitations would have expired on Monday, May 8, 2000. The Petition would be untimely under this theory.
The Court additionally observes that, even if Petitioner had 90 days from the entry of judgment and sentence to file a petition for writ of certiorari as part of direct review, Wixom, 264 F.3d at 898; Bowen v. Rowe, 188 F.3d 1157, 1159 (9th Cir. 1999), his habeas petition would still be untimely.

- 5 -

Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288-89 (9th Cir.1997), overruled on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir.1998) (en banc), abrogated on other grounds by Woodford v. Garceau, 538 U.S. 202 (2003). Put another way, equitable tolling may be available "[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). The litigant generally bears the burden of proving both that he has been diligently pursuing his claim and that extraordinary circumstances impeded filing. Pace, 544 U.S. ___ (2005), 2005 WL 957194, *6; see also Lehman v. United States, 154 F.3d 1010, 1016 (9th Cir. 1998).

Petitioner states ten grounds in support of his claim for equitable tolling. First, he suggests that he agreed to enter a guilty plea because he was suffering from poor health conditions. [Id.]. He also suggests that the plea was not supported by sufficient evidence, and therefore should not have been accepted. [Id.]. Second, Petitioner asserts that he "suffered unusual treatment" while in jail. [Id.]. Third, he claims that the judge presiding over his case was an alcoholic and held religious views that were "diametrically opposed" to Petitioner's views. [Id.]. Fourth, Petitioner alleges the conditions under which he was jailed were extreme; he states that he was held for four and one-half years, and was moved to a facility where he had limited contact with others. [Id.]. Fifth, he claims that he was medically evaluated as needing medication in order to be restored to competency. [Id.]. When he was later found not be in need of restoration, drug therapy was continued. [Id.]. Sixth, he claims that he alleged during the pre-trial phase of his second trial that evidence had been tampered with by an officer. He alleges that the same officer was subsequently "released for similar improprieties in another case." [Id. at 2]. Seventh, Petitioner alleges that the State interfered with witnesses and impeded his access to witnesses. [Id.]. Eighth, Petitioner claims that he was denied the right to represent himself. [Id.]. Ninth, Petitioner claims that the administration of

medications was not discontinued until he returned to prison and that he is still recovering from the effects of the medications as well as from the long-term restraint in jail. [Id.]. Lastly, Petitioner asserts that he suffered "adverse effects" due to his conviction. [Id.].

The Court finds that several of the alleged "extraordinary circumstances" discussed in Petitioner's Reply brief are irrelevant to the issue of equitable tolling. The following grounds[7] amount to substantive complaints regarding Petitioner's trial and incarceration, and do not explain his inability to file a petition in a timely manner: ground one (regarding the sufficiency of and motivation for his plea); ground two (regarding Petitioner's limited contact with others); ground three (regarding the judge's alcoholism and religious views); ground four (regarding the length of Petitioner's incarceration); ground six (regarding evidence tampering), ground seven (regarding witnesses), and ground eight (regarding self-representation). Nothing in any of these grounds can be construed as establishing that external forces beyond Petitioner's control, rather than a lack of diligence, made it impossible for him to file on time. Equitable tolling is not available with respect to these grounds. Miles, 187 F.3d at 1107.

In his tenth ground for finding equitable tolling, Petitioner alleges that he suffered adverse affects due to his incarceration, including being required to pay a fine. He argues that, because he suffered such adverse consequences, his case is not moot and he is accordingly entitled to equitable tolling. The Court agrees that Petitioner's case is not moot. However, the doctrine of mootness is distinct from the doctrine of equitable tolling. Generally speaking, "a case becomes moot 'when the issues presented are no longer live or the parties lack a legally cognizable interest

---

[7] For ease of discussion, the Court will refer to Petitioner's delineated extraordinary circumstances as "grounds" for equitable tolling, as numbered in Petitioner's Reply Brief.

in the outcome.'" Murphy v. Hunt, 455 U.S. 478, 481 (1982); Powell v. McCormack, 395 U.S. 486, 496 (1969); see also Aguirre v. S.S. Sohio Intrepid, 801 F.2d 1185, 1189 (9th Cir. 1986)(holding that a case is considered moot if it has "lost its character as a present, live controversy"). On the other hand, the doctrine of equitable tolling operates to suspend the statute of limitations. Calderon (Beeler), 128 F.3d at 1288-1289. The fact that Petitioner's case is not moot does not constitute an extraordinary circumstance warranting equitable tolling.

The remaining grounds cited in Petitioner's Reply, grounds five and nine, suggest that the statute of limitations should be equitably tolled because Petitioner suffered health problems while incarcerated. In ground five, Petitioner alleges that he was administered medications after being restored to competency in a state inpatient psychiatric facility. Specifically, he asserts that he "suffered illness for an extended period of time after returning to prison and is only now beginning to become his former self" and that he "still suffers dizzy spells from some kind of stress related disorder acquired by his nervous system while in jail." Doc. 24 at 5. Similarly, in ground nine, Petitioner asserts that his lengthy incarceration in the Navajo County Jail affected his well-being such that he "is still having difficulty mustering the energy to address these issues." Id. at 6.

A Petitioner's alleged mental incompetency may be a sufficient basis to warrant equitable tolling or further development of the record. Allen v. Calderon, ___ F.3d ___; 2005 WL 1022071, *3 (9th Cir., May 3, 2005)(finding substantial, uncontradicted evidence of incompetence warranting a hearing where the inmate claimed to be incompetent, submitted sworn declarations from himself and another inmate, and provided a letter from his prison psychiatrist); Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir. 2003)(expansion of the record was required where Petitioner with history of mental illness provided medical records and stated he was incompetent in a sworn pleading); Calderon (Kelly), 163 F.3d at 541 (holding that "when a putative habeas petitioner's mental competency is at issue, and the record

discloses a genuine basis for concern, it is appropriate to toll the AEDPA's time bar until a reasonable period after the district court makes a competency determination"). The Court is unpersuaded, however, that Petitioner's case rises to the level of the cases deemed by the Ninth Circuit to warrant further inquiry.

Petitioner asserts in his Reply that he was "ill" and that his "illness" was characterized by dizziness, a lack of energy and stress-related problems. However, these allegations do not alone establish incompetency. [Doc. 24 at 5-7]. Petitioner also asserts that he "was not able to perform what was necessary to prepare the pleadings." [Id. at 8]. While this allegation might support a conclusion that equitable tolling is warranted under some circumstances, it is not compelling in this case. Petitioner clearly was able to file pleadings prior to the time he filed the instant petition, as is evidenced by the fact that Petitioner filed several coherent pleadings in state court and federal court between October of 2000 and May of 2002. [See Doc. 22, Exhs. F-Q; Civ. No. 01-1043-PCT-PGR (MS)]. These pleadings do not reveal a Petitioner who was incompetent or too ill to proceed.

The Court further observes that Petitioner's *pro se* pleadings in this Court in connection with his present habeas petition in no way suggest that he is currently incompetent. Petitioner's Petition and Reply are coherent and set forth understandable legal arguments. Based on Petitioner's pleadings before this Court, the Court does not believe a substantial question regarding Petitioner's competency exists.

Although Petitioner's competency clearly was at issue prior to the time he entered his plea, there is no indication that Petitioner became incompetent again after being restored. Further, notwithstanding Petitioner's conclusory allegations that he was unable to file a petition on his own behalf, the record does not support an inference that he was incompetent or incapacitated by illness during the year following his state court judgment and sentence or during the subsequent three years that elapsed before he filed the present petition. While mental illness may

- 9 -

support equitable tolling under some circumstances, those circumstances have not been shown in this case. Further, the Court must be satisfied not only that the mental condition existed, but also that the condition in question was an impediment to filing in a timely manner. Pace, 2005 WL 957194 at *6; Lehman, 154 F.3d at 1016. Here, the Court is unpersuaded that Petitioner's mental state was an impediment to filing. Instead, it appears that the delay in filing was due to Petitioner's lack of diligence. Accordingly, equitable tolling is not warranted. Id.

For the foregoing reasons, the Court finds no basis for tolling the statute of limitations. Petitioner's Petition is therefore untimely and should be dismissed.

**IT IS THEREFORE RECOMMENDED** that Petitioner's amended Petition for Writ of Habeas Corpus [Doc. 4] be denied and dismissed with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. 28 U.S.C. §636(b)(1) and Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 15th day of July, 2005.

_____
Morton Sitver
United States Magistrate Judge